UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICK SAFFLE, LISA SAFFLE, and MICHAEL L. O'DELL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    Case No. 09-CV-0327-CVE-PJC ) |
| OIL FIELD PIPE & SUPPLY, INC., | ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Now before the Court is defendant Oil Field Pipe & Supply, Inc.'s Notice of Removal (Dkt. # 2). On February 27, 2009, plaintiffs filed this case in the District Court of Washington County, Oklahoma, alleging claims of negligence and loss of consortium against defendant and requested compensatory and punitive damages in excess of $10,000. Defendant states that it was served on May 5, 2009. On May 28, 2009, defendant removed the case to this Court on the basis of diversity jurisdiction. Defendant, an Oklahoma corporation, states that plaintiffs are citizens of Missouri and the parties are completely diverse. Defendant also states that "[p]laintiffs allege causes of action for personal injuries and seek actual, consequential and punitive damages, which, on information and belief, are in excess of the $75,000.00 jurisdictional amount . . . ." Dkt. # 2, at 2. This statement is defendant's entire economic analysis of the amount in controversy.

A case must be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Initially, the Court notes that federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the

rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., Hughes v. E-Z Serve Petroleum Marketing Co., 932 F. Supp. 266 (N.D. Okla. 1996) (applying Laughlin and remanding case); Barber v. Albertson's, Inc., 935 F. Supp. 1188 (N.D. Okla. 1996) (same); Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co., 932 F. Supp. 264 (N.D. Okla. 1996) (same); Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same); Homolka v. Hartford Ins.. Group, Individually and d/b/a Hartford Underwriters Ins.. Co., 953 F. Supp. 350 (N.D. Okla. 1995) (same); Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995) (same); Maxon v. Texaco Ref. & Marketing Inc., 905 F. Supp. 976 (N.D. Okla. 1995) (same).

Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d

at 873; see also Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (Anpac) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993) (finding defendant's conclusory statement that "the matter in controversy exceeds [$75,000] exclusive of interest and costs" did not establish that removal jurisdiction was proper); Gaus v. Miles, Inc, 980 F.2d 564 (9th Cir. 1992) (mere recitation that the amount in controversy exceeds $75,000 is not sufficient to establish removal jurisdiction).

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. The removing defendant bears the burden of establishing by a preponderance of the evidence federal court jurisdiction at the time of removal, and not by supplemental submission. Laughlin, 50 F.3d at 873; Herber, 886 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal). The Tenth Circuit has clearly stated what is required to satisfy that burden. As set out in Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995), if the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000, then the rationale of Laughlin contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with underlying facts.

The Tenth Circuit has recently clarified the defendant's burden to establish facts supporting the amount in controversy by a preponderance of the evidence. In McPhail v. Deere Co., 529 F.3d

947 (10th Cir. 2008), the Tenth Circuit described the historical roots of diversity jurisdiction and noted that diversity jurisdiction was designed to protect out of state defendants from prejudice in state courts. Id. at 953. However, both Supreme Court and Tenth Circuit precedent places the burden on the removing defendant to establish diversity jurisdiction with "actual proof of jurisdictional facts . . . at a stage in the litigation when little actual evidence is yet available." Id. Under McPhail, the defendant bears the burden to prove the jurisdictional facts by a preponderance of the evidence and, once the jurisdictional facts are established, uncertainty about the amount the plaintiff may recover justifies dismissal only if it is "legally certain" that plaintiff could not recover in excess of $75,000. Id. at 955 (citing Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006)). The Tenth Circuit identified several methods that a removing defendant may use to prove the jurisdictional facts by a preponderance of the evidence when the complaint relies on state court pleading rules that do not require the plaintiff to allege a specific amount of damages. First, the defendant may rely on facts stated in the complaint to estimate the amount of damages plaintiff is seeking. Id. at 955-56. Second, a defendant may rely on other documents, such as discovery responses, affidavits, or other "summary-judgment-type evidence" that may be in defendant's possession. Id. at 956 (citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)). Third, any settlement offers between the parties suggesting that the amount in controversy exceeds $75,000 should be considered by the district court. Id. at 956.

In McPhail, the Tenth Circuit found that the defendant had satisfied its burden to prove by a preponderance of the evidence facts establishing that the amount in controversy exceeded $75,000. The plaintiff's attorney consistently refused to stipulate that the amount in controversy exceeded $75,000, even though plaintiff's attorney informally represented to defense counsel that the plaintiff

was seeking over $75,000 in damages. Id. at 957. The Tenth Circuit also considered the factual allegations of the plaintiff's complaint, which alleged that the plaintiff's decedent, Willis Ray McPhail, suffered severe and permanent injuries before his death and his surviving spouse was seeking all damages permitted by Oklahoma law in addition to harm suffered by the plaintiff's decedent. The plaintiff's claim for punitive damages, which could reach $100,000 under Oklahoma law, was also relevant evidence tending to show that the amount in controversy exceeded $75,000. Id.

In this case, neither the complaint nor the notice of removal establish that this Court has subject matter jurisdiction over this case. When neither the complaint nor the notice of removal establishes that the court has subject matter jurisdiction, a district court may raise this issue sua sponte and remand a case to state court. Defendant has not undertaken an economic analysis of plaintiffs' claims and plaintiffs' complaint does not independently establish that the amount in controversy exceeds $75,000. Defendant's "information and belief" that the amount in controversy exceeds $75,000 does not satisfy defendant's burden to allege sufficient jurisdictional facts to show that the amount in controversy requirement of § 1332 is satisfied. This statement suggests that defendant believes it will be able to show at a later date that the amount in controversy exceeds $75,000; however, defendant must affirmatively show in the notice of removal that the amount in controversy exceeds $75,000 for removal to be proper. See Allison v. Metropolitan Life Ins. Co., 2007 WL 1160329 (N.D. Okla. Apr. 17, 2007) ("defendants bear the burden of establishing federal court jurisdiction at the time or removal, and not by supplemental submission"). Defendant must affirmatively allege jurisdictional facts in the notice of removal and, unlike the allegations of a plaintiff's complaint, defendant's bare statement that the amount in controversy is satisfied is not

5

entitled to any weight. Thus, the Court lacks subject matter jurisdiction over this case and it should be remanded to the District Court of Washington County.[1]

**IT IS THEREFORE ORDERED** that the Court lacks subject matter jurisdiction over this case, and the Court Clerk is directed to remand this case to the District Court of Washington County, Oklahoma.

**DATED** this 8th day of June, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Aside from the Court's lack of subject matter jurisdiction, the Court notes that defendant is an Oklahoma corporation and may not remove a diversity case to this Court. See 28 U.S.C. § 1441(b) (diversity cases may be removed to federal court only if "none of the parties in interest, properly joined and served as defendants is a citizen of the State in which such action is brought.").